MICHAEL SMITH ATTORNEY PLLC (Bar No. 13365)
1896 NORTH 1120 WEST
PROVO, UTAH 84604
(801) 373-4000
smithlaw.pro@gmail.com

ATTORNEY FOR PLAINTIFF


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH


| | |
|---|---|
| LINDSIE WILLIAMSON,            ) | |
| )                             | CASE NO. |
| Plaintiff,         ) | |
| )                             | COMPLAINT FOR |
| vs.                                      ) | 1. SALES COMMISSIONS DUE |
| )                             | 2. COMMON COUNTS |
| MGS BY DESIGN, INC., a Utah      ) | 3. VIOLATION OF FEDERAL |
| corporation dba MARBLE & GRANITE  ) |    EQUAL PAY ACT |
| SOLUTIONS; KITTS GROUP L.L.C.;    ) | |
| DANIEL NELSON; KRAIG HIGGINSON;) | |
| and GLOBAL STONE AND TILE, L.L.C.;) | |
| )                             | |
| Defendants.         ) | |
| _____) | |

      Plaintiff LINDSIE WILLIAMSON ("Plaintiff"), by and through her attorney, alleges

the following against all defendants:

      1. This is an action for failure to pay compensation, including sales commissions,

and for violation of the Federal Equal Pay Act (29 U.S.C. §206(d) et seq.).

      2. Plaintiff LINDSIE WILLIAMSON is a citizen of the State of Utah and a resident

of Utah County, Utah. Defendants are Utah corporations and/or residents of Utah.

      3. This Court has subject matter jurisdiction over this matter under 29 U.S.C.

§216(b), and plaintiff has standing to sue under 29 U.S.C. §216(b).

4. Plaintiff is informed, believes, and alleges that defendants MGS BY DESIGN, INC; KITTS GROUP L.L.C.; DANIEL NELSON; KRAIG HIGGINSON; GLOBAL STONE AND TILE, L.L.C.; and each of them, were joint employers, original owners, successor owners, asset holders, agents, principal stock holders, partners, joint venturers, qualify as employers under the Fair Labor Standards Act, or are otherwise individually or jointly liable to plaintiff for the damages alleged herein.

FIRST COUNT

5. From approximately February 2014 through August 2018 Plaintiff LINDSIE WILLIAMSON was employed by defendants at MGS by Design in Lindon, Utah, for which she was paid an hourly wage for administrative services rendered, plus commissions on the sale of stone and tile work . Plaintiff at all times performed her employment duties and salesperson duties in a professional and satisfactory manner.

6. During calendar years 2016 and 2017 defendants paid plaintiff her full agreed compensation, treating plaintiff's administrative services as non-exempt wages, withholding applicable taxes and reporting the wages on W-2 forms; while treating her sales commissions separately as non-employee commissions, withholding no taxes, and reporting said commissions paid to plaintiff on 1099-Misc forms.

7. During the calendar year 2018 defendants paid plaintiff non-exempt wages for the administrative services she rendered, but failed and refused to pay plaintiff the commissions she earned on her sale of stone and tile work according to the agreed

commission schedule. Plaintiff never agreed to any change in her commission pay.

8. Plaintiff alleges and contends that defendants have breached their verbal, written, express, and implied contracts with plaintiff by failing and refusing to pay plaintiff the full amount of compensation to which she was entitled during calendar year 2018. Plaintiff alleges that she was responsible for total sales of $327,886.00 in 2018, for which she is owed the sum of $33,304.10, plus interest at the legal rate until paid.

9. On December 20, 2018 plaintiff's counsel sent defendants a written demand for unpaid commissions in the total amount of $33,304.10 pursuant to Utah Code Annotated §34-27-1 . Defendants have failed and refused to pay plaintiff the amount demanded for more than fifteen days.  Plaintiff has retained legal counsel to bring this action, and is therefore entitled to the award of her reasonable attorney's fee under Utah Code Annotated §34-27-1.

10. Plaintiff alleges that she qualifies as a sales representative under Utah labor law, and that defendants failure and refusal to pay her earned commission makes defendants, and each of them, liable for three times the amount of unpaid commissions, which equals $99,912.30, plus court costa and a reasonable attorney's fee, pursuant to Utah Code §34-44-301(2).

SECOND COUNT

11. During 2018 plaintiff initiated or acquired sales contracts for the sale and installation of stone and tile work by defendants in the total amount of $327,886.00. These contract jobs were obtained by plaintiff at the request of, for the benefit of, and

3

were accepted and performed by, defendants and each of them.

12.  Defendants, and each of them, have acquired the benefit of said sales and owe plaintiff the fair value of commissions due on said sales in the sum of $33,304.10.

13.  Defendants, and each of them, owe plaintiff the total sum of $33,304.10 on an account stated for services and sales rendered prior to this date.

14.  Plaintiff has demanded, and continues to demand payment by defendants of the full amount due and owing for services rendered and on account.

THIRD COUNT

15. Plaintiff hereby incorporates by reference paragraphs 1 through 10 of this Complaint as if restated at this place.

16. Defendants have failed and refused to pay plaintiff her commissions earned as a salesperson for defendants during 2018, in the sum of $33,304.10.

17. During 2018, plaintiff was the only female salesperson representing defendants. Defendants used a number of male salespersons to sell the same products and services as plaintiff sold. Defendants paid their male salespersons their commissions earned during 2018, but failed and refused to pay plaintiff for her sales.

18. Plaintiff alleges that defendants have intentionally violated the Federal Equal Pay Act (29 U.S.C. §206(d), et seq.) by their refusal to pay her earned commissions, while they paid commissions to their male salespersons within the same establishment, even though plaintiff was performing equal work on jobs requiring equal skill, effort, and responsibility as her male counterparts. There is no legal justification for this disparity.

4

19. Defendants, and each of them, qualify as employers under the Federal Equal Pay Act and the Fair Labor Standards Act, and are jointly and severally liable to plaintiff.

20. Plaintiff suffered damages in the sum of $33,304.10 based upon defendants' failure and refusal to pay her sales commissions that were paid to male salespersons. Defendants are therefore jointly and severally liable to plaintiff for $33,304.10 plus pre-judgment interest at the legal rate. Pursuant to 29 U.S.C. §216(b), defendants are also liable to plaintiff for liquidated damages consisting of an equal amount to the back pay award, plus a reasonable attorney's fee, and court costs.


WHEREFORE, plaintiff demands judgment against defendants, and each of them, jointly and severally, as follows:

1. For unpaid sales commissions in the total sum of $33,304.10;

2. For interest on unpaid commissions at the legal rate of 10% per annum;

3. For liquidated damages in the sum of $33,304.10 plus interest under the EPA;

4. For three times the unpaid commissions ($99,912.20) per UCA §34-44-301(2);

5. For a reasonable attorney fee of not less than $25,000;

6. For costs of suit; and

7. For such other and further relief as the Court finds appropriate.


Dated: June 7, 2019                         /s/ Michael Smith
                                            Michael Smith
                                            Attorney for Plaintiff